**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roger Scott Helm, Jr., | No. CV-20-02173-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Before the Court is Petitioner Roger Scott Helm, Jr.'s Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254.  (Doc. 1).  At age fourteen, Helm murdered his father, mother, and sister.  *See State v. Helm*, 245 Ariz. 560, 561 (Ariz. Ct. App. 2018).  He pled guilty to avoid the death penalty and received an aggregate prison sentence of 67 years to life.  (Doc. 1 at 4).

The sole question in this petition is whether Helm's sentence is unconstitutional under *Miller v. Alabama*, 567 U.S. 460, 479 (2012) ("[T]he Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders"), and *Montgomery v. Louisiana*, 577 U.S. 190, 208-09 (2016) (holding *Miller* applies retroactively).  The state courts held *Miller* does not apply, *see Helm*, 245 Ariz. at 561, and the Report and Recommendation ("R&R") prepared by Magistrate Judge Camille D. Bibles recommends the Court reach the same conclusion.   (Doc. 22).  The Court agrees *Miller* does not apply to Helm and accordingly will adopt the R&R's *Miller* analysis and deny Helm's application.

1

**BACKGROUND**

2       On April 29, 1984, Roger Scott Helm, Jr. killed his father, mother, and sister. (Doc.

3   1 at 4). He was fourteen years old at the time (Doc. 1 at 4) and possibly high on narcotics.

4   (Doc. 17-6 at 71). Helm pled guilty to one count of first-degree murder, two counts of

5   second-degree murder, and one count of armed robbery. (Doc. 1 at 4). He was sentenced

6   to 25 years to life on the first-degree murder count, 21 years each on the second-degree

7   murder counts, and 21 years on the count of armed robbery, with the murder counts to run

8   consecutively with each other and concurrently with the count of armed robbery. (Doc. 1

9   at 4). In total, he claims this amounts to a prison sentence of 67 years to life, and he is not

10  eligible for release until he will be at least age 81.[1] (Doc. 1 at 4).

11      Because Helm in theory could have been subject to the death penalty, the sentencing

12  court held a hearing on January 28, 1986 to consider aggravating and mitigating factors.

13  (Doc. 17-6 at 74-77). Helm's youth was a mitigating factor considered by the court. (Doc.

14  17-6 at 74).

15      In 2013, Helm filed a petition for post-conviction relief ("PCR"), arguing that the

16  recent decision in *Miller* rendered his sentence unconstitutional. (Doc. 1 at 4-6). That

17  petition was denied in 2017 and, after appealing through the state courts unsuccessfully, he

18  filed this Petition for a Writ of Habeas Corpus. (Doc. 1 at 6).

19

**LEGAL STANDARD**

20      The parties agree that the Anti-Terrorism and Effective Death Penalty Act

21  ("AEDPA") of 1996 applies to this petition, even though it was enacted after Helm was

22  convicted and sentenced. (Doc. 1 at 6; Doc. 17 at 3). AEDPA precludes federal habeas

23  relief unless the state court reached "a decision that was contrary to, or involved an

24  unreasonable application of, clearly established Federal law, as determined by the Supreme

25  Court of the United States," or "resulted in a decision that was based on an unreasonable

26  determination of the facts in light of the evidence presented in the State court proceeding."

27
28
---
[1] ). The State claims that Helm has erroneously calculated his prison term and that he will in fact be "eligible for release after serving approximately 49.5 years." (Doc. 17 at 3). Helm argues 49.5 years is the date of parole of some of his offenses, but not the date of release. (Doc. 20 at 8).

1    28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

2    **ANALYSIS**

3    **I.    The State Court Ruling Was Not Contrary to Clearly Established Law**

4         The state court's determination was not contrary to, or an unreasonable application

5    of, clearly established federal law.

6         In *Miller*, the Supreme Court held "the Eighth Amendment prohibits a sentencing

7    scheme that mandates life in prison without possibility of parole for juvenile offenders."

8    *Miller*, 567 U.S. at 479.  The Court explained four years later that "*Miller* . . . did more

9    than require a sentencer to consider a juvenile offender's youth before imposing life without

10   parole; it established that the penological justifications for life without parole collapse in

11   light of 'the distinctive attributes of youth.'" *Montgomery*, 577 U.S. at 208 (citing *Miller*,

12   567 U.S. at 472).  However, the *Miller* rule is limited; *Miller* expressly did not establish a

13   categorical bar against life sentences for juvenile offenders, *Miller*, 567 U.S. 479, and did

14   not say whether the rule applies to aggregate sentences that amount to more than the

15   offender's lifespan but are not technically life-without-parole sentences.

16        Helm is not entitled to habeas relief because he cannot show it was clearly

17   established at the time the state court denied his PCR petition that his sentence was

18   unconstitutional.  *See Williams v. Taylor*, 529 U.S. 362, 390 (2000).  "Helm argues the

19   state court contravened clearly established law because "it ruled that the consecutive nature

20   of Mr. Helm's sentence played no part in the Eighth Amendment analysis."[2]  (Doc. 1 at 8).

21   Helm cites several Supreme Court cases, such as the Three-Strikes-Law case, *Lockyer v.*

22   *Andrade*, 538 U.S. 63 (2003), in support of the principle that consecutive sentences are not

23   outside the ambit of the Eighth Amendment.  (Doc. 1 at 8).  This argument is misplaced,

24   however, because the state court did not actually hold consecutive sentences are not subject

25   to the Eighth Amendment.  Rather, it reached the narrower holding that *Miller* does not

26

27   _____
     [2] Helm also argues the state court violated clearly established law because no judge made
28   a "permanent incorrigibility" finding prior to issuing a life sentence.  (Doc. 1 at 8).
     However, the Supreme Court's recent decision in *Jones v. Mississippi*, 141 S.Ct. 1307,
     1321 (2021), clarified that formal findings of permanent incorrigibility are not required
     prior to issuing life sentences without possibility of parole to juvenile offenders.

apply to consecutive sentences.  *See Helm*, 245 Ariz. at 562.

That holding may be wrong.[3]  But even if it was wrong, it was not *clearly* wrong.  The Supreme Court has not expressly held that *Miller* applies to consecutive sentences; nor has the Ninth Circuit.[4]  It therefore was not clearly established that *Miller* applies to consecutive sentences at the time the state court decided Helm's PCR petition.

## II.  *Miller* Does Not Apply to Helm's Sentence

Moreover, *Miller* does not apply to Helm's sentence for another reason.  (Doc. 22 at 14-19).  *Miller* applies only to mandatory life-without-parole sentences.  *See Miller*, 567 U.S. at 479 ("[T]he Eighth Amendment forbids a sentencing scheme that *mandates* life in prison . . . .") (emphasis added).  Helm's sentence was not mandatory.  Rather, the record indicates that Helm's counsel at his sentencing argued the sentencing judge should order the two second-degree murder charges and the robbery charge to run concurrently with the mandatory 25-year sentence for first-degree murder.  (Doc. 17-6 at 64-65).  The prosecution argued for all the sentences to run consecutively.  (Doc. 17-6 at 70-71).  The sentencing judge ordered all but one of the sentences to run consecutively because it found "the Defendant is extremely dangerous and potentially a violent person . . . not subject to rehabilitation," and "who could well kill again if released, other than at a very old age." (Doc. 17-6 at 75-77).  If Helms had received an aggregate sentence of 25 years, he would be out of prison already and his sentence would not have been life without the possibility of parole.  As it is, it is possible he will live to be old enough to complete his sentence, because he will be eligible for release at age 81.  His sentence therefore was not a mandatory sentence of life without the possibility of parole.

## III.  A Certificate of Appealability Will Be Granted

---

[3] For example, the Ninth Circuit has held, in the context of non-homicide juvenile offenders, that a state court decision was contrary to clearly established law because it had held a consecutive sentence amounting to 254 years was not a life sentence without possibility of parole.  *See Moore v. Biter*, 725 F.3d 1184, 1192 (9th Cir. 2013) ("Contrary to the California Court of Appeal's analysis, *Graham*'s focus was not on the label of a 'life sentence'—but rather on the difference between life in prison with, or without, possibility of parole.").

[4] *Moore v. Biter* held the state court violated a clearly established Supreme Court precedent concerned with *non*-homicide juvenile offenses, *Graham v. Florida*, 560 U.S. 48 (2010), not *Miller*.  *See Moore*, 725 F.3d at 1192.

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S.Ct. 759, 773 (2017). To appeal, he must first obtain a certificate of appealability ("COA") from a district or appellate court. *Id.* A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* (quoting 28 U.S.C. § 2253(c)(2)). However, the "COA inquiry . . . is not coextensive with the merits analysis. At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). This inquiry should occur *without* "full consideration of the factual or legal bases adduced in support of the claims." *Miller-El*, 537 U.S. at 336.

A certificate of appealability will be granted. Helm's claims are well presented and jurists of reasons might disagree on the Court's conclusion. In particular, the Court notes that in *Moore v. Biter*, the Ninth Circuit reversed a California state court's decision to deny relief to a juvenile offender who received an aggregate consecutive sentence of 254 years. *Moore*, 725 F.3d at 1192. Although the Court does not interpret the Supreme Court's cases in such a manner that would render the state court's determination contrary to clearly established law, "the issues presented are adequate to deserve encouragement to proceed further." *See Miller-El*, 537 U.S. at 336.

## CONCLUSION

For the foregoing reasons, the R&R (Doc. 22) will be adopted, Helm's Petition for a Writ of Habeas Corpus (Doc. 1) will be denied, and a certificate of appealability will be granted.

Accordingly,

**IT IS ORDERED** Petitioner Roger Scott Helm, Jr.'s Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** the Report and Recommendation prepared by

Magistrate Judge Camille D. Bibles is **ADOPTED**.

      **IT IS FURTHER ORDERED** a Certificate of Appealability is **GRANTED**.

      **IT IS FURTHER ORDERED** the Clerk of Court is directed to enter judgment against Petitioner Roger Scott Helm Jr.

      Dated this 5th day of May, 2022.

Honorable Roslyn O. Silver
Senior United States District Judge